IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUNIOR RODRIGUEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COUNTRY CHARM RESTAURANT, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Yunior Rodriguez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Country Charm Restaurant, Inc. (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay overtime wages to Plaintiff.

2. Defendant had a policy and practice of not paying Plaintiff overtime wages and instead paying him a salary despite being a non-exempt cook.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Yunior Rodriguez resides and is domiciled in this judicial district.

6. Plaintiff Yunior Rodriguez is a former employee of Defendant.

7. Plaintiff Yunior Rodriguez was a cook in Defendant's restaurant.

8. Plaintiff Yunior Rodriguez handled materials such as spatulas, dishes, and ovens that were not manufactured in the state of Illinois.

9. Plaintiff Yunior Rodriguez handled materials such as eggs, bacon, and cheese that were not manufactured in the state of Illinois.

10. During the course of his employment, Plaintiff Yunior Rodriguez handled goods and materials that moved in interstate commerce and performed non-exempt work.

11. Defendant Country Charm Restaurant, Inc. does business within this judicial district. Defendant Country Charm Restaurant, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12. Upon information and belief, during the last three years Defendant Country Charm Restaurant, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

13. Defendant Country Charm Restaurant, Inc. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

14. Defendant operates a restaurant located in New Lenox, Illinois.

15. Plaintiff Yunior Rodriguez was employed by Defendant from February 7, 2016 through October 8, 2017.

16. Plaintiff Rodriguez was required to work more than 40 hours per week in certain workweeks, but was not paid the premium rate of one and one half times his regular rate for all hours worked over 40.

17. For the workweek ending on August 12, 2017, Plaintiff worked approximately 57 hours and was paid $700.

18. Plaintiff handled spatulas, dishes, ovens, eggs, bacon, and cheese that were not manufactured in the state of Illinois while working as a cook for Defendant and the use of these material subjects Defendant to enterprise coverage under the FLSA.

19. Defendant had a practice of paying Plaintiff Rodriguez's wages in cash.

20. Other non-exempt employees were denied overtime wages at Defendant's restaurant.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

21. Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

23. Plaintiff works for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

24. Defendant is Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. During the course of his employment by Defendant, Plaintiff was not been exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week.

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

28. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

29. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

30. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

32. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

33. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the

Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

34. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

35. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

36. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

37. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

38. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

                                            Respectfully submitted,

Dated: October 17, 2017                   **YUNIOR RODRIGUEZ**

                                          By: _s/Carlos G. Becerra_
                                                 One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com